IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CR-163-JFH |
| | ) |
| DYLAN RAY YAHOLA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Dylan Ray Yahola's Opposed Motion to Compel Reasonable, Ample, and Protected Examination of Digital Evidence. (Docket No. 37). On November 15, 2024, Chief United States District Judge John F. Heil, III referred the subject motion to the undersigned United States Magistrate Judge. (Docket No. 38). Upon the Court's review and consideration of the filings of the parties and the evidence presented at the hearing, the Motion to Compel Reasonable, Ample, and Protected Examination of Digital Evidence is hereby **GRANTED IN PART** and **DENIED IN PART**.

**Factual Background and Procedural History**

On May 21, 2024, the grand jury returned a four-count Indictment against Defendant. (Docket No. 2). The Indictment charged Defendant with Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b); Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and Possession of Child Pornography in Indian Country in violation of 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2), including a forfeiture allegation pursuant to 18 U.S.C. §§ 2253 and 2428. *Id.*

Defendant filed the instant motion on November 14, 2024, requesting the Court order the Government "to allow the reasonable, ample, and protected examination of the digital forensic evidence currently maintained by the [G]overnment." (Docket No. 37). According to Defendant, the Government violated Federal Rule of Criminal Procedure 16 by refusing to release the extracted, non-contraband data to Defendant's retained Digital Forensics Expert ("DFE"), Michele Bush. *Id.* The Government filed its Response in Opposition to Defendant's Motion to Compel on November 21, 2024. (Docket No. 39). The Government argues that, pursuant to the Adam Walsh Act, 18 U.S.C. § 3509(m), it is not required to redact and produce child sexual abuse material ("CSAM") to Defendant. *Id.* Further, as to possible non-contraband data, the Government asserts that the FBI is unable to "sanitize the digital discovery data as requested because the data are too voluminous and too intertwined with CSAM." *Id.* at 1. Defendant filed his Reply on December 3, 2024. (Docket No. 44).

## Hearings on Defendant's Motion

On December 4, 2024, the Court held a hearing and heard argument from both parties regarding their respective positions on the Motion to Compel. (Docket No. 45). Defendant's argument focused on the Government's production of DFE Bush's sanitized work product folder, which Defendant contends contains non-contraband evidence that is subject to production. *Id.* The Court determined that before ruling on the Motion, it needed to hear additional expert evidence. *Id.* Thus, on December 18, 2024, the Court held an evidentiary hearing and then heard additional argument from the parties. (Docket No. 53).

DFEs for both parties testified at the evidentiary hearing.[1] DFE Bush estimated the total volume of digital evidence in the case is approximately 300 gigabytes and agreed with the Government's estimate that her work product folder contained approximately six gigabytes of data. She considers six gigabytes to be a small amount and estimates the volume of data that constitutes images or videos is less than one percent. She described in detail the process she utilized to ensure her sanitized work product folder was free of CSAM. Because she was not allowed to use her own mobile equipment, she used an FBI laptop and the forensic tools it contained to conduct her review. She testified that she exported the non-contraband data from the full extraction of data[2], reviewed the exported data for CSAM, and then used the FBI-provided forensic tools to confirm that images and videos were excluded. DFE Bush then did her own manual forensic analysis to further confirm that the work product folder contained no CSAM. She did not find any CSAM in the folder.

DFE Bush agreed it is possible for CSAM to be in the exported data, which is why multiple people need to verify that the data is free of CSAM. She testified that, through the use of digital forensic tools, it would take only a few minutes for another DFE to review and confirm that her work product folder did not contain CSAM. Although she agreed forensic tools and human review can miss things, she explained that is why multiple forensic tools should be used during a review.

When questioned about the challenges she would face if required to continue her review of the work product folder at an FBI field office, DFE Bush indicated that to conduct a proper analysis she needed specific tools from her own lab and access to the internet, her personal computer, and

---

[1] Neither party objected to the qualification of the opposing party's DFE as an expert, and the Court determined on the record that both witnesses were qualified.

[2] The full extraction of data consists of all the data found on the cellphones of Defendant and the alleged minor victim and from SnapChat returns.

3

phone. She testified the Tulsa FBI facility required that she use an FBI computer, and she was denied internet access. She was also denied the use of her cell phone thus prohibiting her from consulting with Defendant's counsel. Finally, FBI agents remained in the room during the review.[3] DFE Bush further explained that the amount of time she needs to analyze and review the data during the various stages of trial is not conducive to using an FBI facility and will result in a large cost to the Federal Public Defender's office. According to DFE Bush, in other similar cases, facilities in other districts have allowed her to leave with the non-contraband work product folder after she certifies in writing that it does not contain contraband. However, if required to conduct a forensic review at an FBI facility, DFE Bush would require a compact desktop computer, monitor, keyboard, mouse, access to her case file, her own software, and licenses from her lab.

The Government's witness Samantha Slattery, a DFE examiner for the FBI, conducted a partial review of the defense's work product folder using the FBI's forensic tools. She testified the folder contained approximately six gigabytes of data, which she further broke down into several hundred thousand files. DFE Slattery found non-CSAM images in the folder. FBI policy requires that she do a full manual review of all data in the folder, and she testified that such a review would take her at least two months to complete even if working solely on the instant case. She agreed there are many forensic tools to utilize during a review but indicated that these tools can miss images. Even if DFE Slattery had completed a full review of the folder, she would not certify it as free from CSAM based upon the volume of data and the risk that she missed CSAM material during the review.

---

[3] DFE Bush testified she was initially told by the FBI that it would allow her to take the work product folder with her for further analysis at her own lab, but when she attempted to do so, her request was denied based upon policy.

When questioned about what material a defense expert could take from the FBI facility, DFE Slattery testified the expert could not leave the FBI facility with contraband material, but could take non-contraband items, including their personal notes created to conduct an examination, non-CSAM screenshots, any log files or text files, any exports of data in a pdf format or an Excel spreadsheet, and possibly reports generated by certain forensic tools.

## Discussion

Defendant's procedural due process rights require that he "be given notice of the specific charge against him and a chance to be heard through a trial of the issues raised by the charge." *United States v. Haymond*, No. 08-CR-201-TCK, 2009 WL 3029592, at *1 (N.D. Okla. Sept. 16, 2009). Federal Rule of Criminal Procedure 16(a)(1)(E) addresses these rights and provides as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

However, the Adam Walsh Act restricts a defendant's access to Rule 16 discovery material that constitutes child pornography. The relevant portion of the Adam Walsh Act states:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that

> constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m).

Here, the Government argues that the non-contraband material is so intertwined with the contraband material that it cannot guarantee the work product folder will not contain CSAM. It contends that under the Adam Walsh Act, it is only required to make the material "reasonably available" and provide "ample opportunity" for review at a Government facility. The Court finds that with the appropriate conditions, including the transfer of the sanitized work product folder to the FBI facility in Phoenix, Arizona,[4] Defendant's due process rights will be satisfied while also accounting for the statutory protections provided by the Adam Walsh Act. Moreover, to the extent the FBI has identified that specific material in the work product folder does not contain CSAM, *e.g.*, log files or text files, non-CSAM screenshots, *etc.*, the Government must produce such material to the defense as it is non-contraband evidence subject to production under Rule 16. Further, the Court finds that maintaining custody and control over CSAM evidence does not require that agents remain in the private room with DFE Bush as she conducts her examination and review. Accordingly, the Court finds it appropriate to enter an order requiring that the Government provide DFE Bush with continued access to a private room with internet and phone

---

[4] During the December 4, 2024, hearing, the Government's counsel mentioned the possibility of transferring the full extractions of data to the FBI facility in Phoenix as a compromise to allow DFE Bush, who lives in the Phoenix area, the opportunity to avoid traveling to the FBI facility in Tulsa to review the evidence. Thus, the Court sees no reason why the work product folder cannot be transferred to the FBI facility in Phoenix for DFE Bush to continue her review and analysis.

access at the FBI facility in Phoenix, Arizona, to conduct her continued forensic examination of the sanitized work product folder using her own equipment.

## Conclusion

IT IS THEREFORE ORDERED that the Government shall make the digital evidence at issue available to DFE Bush for further forensic examination with the following conditions:

1. DFE Bush shall be permitted to bring and use her own equipment, including but not limited to her phone, laptop (or compact desktop), and other hardware or software. DFE Bush shall specifically advise the FBI as to the equipment she plans to bring with her prior to her arrival at the facility.

2. DFE Bush shall be given a private room at the Phoenix FBI facility, *i.e.*, a space where she may conduct her forensic analyses without direct surveillance by individuals physically present in the room.

3. DFE Bush shall be given continued access throughout the pretrial and trial process to the Phoenix FBI facility during business hours upon request.

4. DFE Bush shall be given phone and internet capabilities while conducting her forensic work.

5. Pursuant to Rule 16, DFE Bush shall be permitted to take off-site the portion of the evidence in question which DFE Slattery testified was confirmed by the FBI as sanitized, non-contraband material.

For the reasons set forth herein, Defendant Yahola's Opposed Motion to Compel Reasonable, Ample, and Protected Examination of Digital Evidence (Docket No. 37) is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED this 23rd day of December, 2024.

                                             MARK T. STEELE, MAGISTRATE JUDGE
                                             UNITED STATES DISTRICT COURT