IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        No. 4:24-cr-00163-JFH-1

DYLAN RAY YAHOLA,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO LIMIT RESTITUTION DURING INCARCERATION TO $50 PER YEAR AND SETTING PAYMENT SCHEDULE

THIS MATTER is before the Court[1] upon Defendant's opposed Motion to Limit Restitution Collection During Incarceration to $50 Per Year. **[Docs. 98 (Motion); 100 (Response)].** Defendant was convicted of producing and possessing child pornography following his entry of a written plea agreement. **[Doc. 77].** On October 29, 2025, this Court sentenced Defendant to a term of 200 months of incarceration and $33,000 in restitution. **[Doc. 96].** At the sentencing hearing, Defendant moved to limit his payment obligation to $50 annually while incarcerated. The Court held the restitution order in abeyance for 90 days to allow the parties to submit briefing regarding the request. **[*See* Minutes, Doc. 96].** The matter is fully briefed and ripe for the Court's consideration. Upon review of the record and the relevant law, the Court determines that the Motion is not well-taken and shall be DENIED.

---

[1]     Senior United States District Court Judge William P. Johnson of the District of New Mexico was assigned this case in connection with the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

## LEGAL STANDARD

Restitution is mandatory for the offenses of conviction. 18 U.S.C. § 2259(a). Accordingly, the Court orders the full amount of restitution without regard to the defendant's ability to pay. 18 U.S.C. §§ 2259(b)(2)(B), (b)(4)(A)–(B); § 3664(f)(1)(A). In constructing a payment schedule, the Court does consider a defendant's financial circumstances. *Id.* §§ 3572(d); 3664(f)(2). "If . . . a restitution order . . . permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." *Id.* § 3572(d)(2). Where the payment schedule is in installments, "the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." *Id.* § 3572(d)(1).

District courts are "granted considerable discretion in structuring a payment schedule." *United States v. Overholt*, 307 F.3d 1231, 1255 (10th Cir. 2002). In determining "the manner in which, and the schedule according to which . . . restitution is to be paid," the Court considers (i) "the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled"; (ii) "projected earnings and other income of the defendant"; and (iii) "any financial obligations of the defendant; including obligations to dependents." § 3664(f)(2)(A)–(C).

The Bureau of Prisons (BOP) has established a program known as the Inmate Financial Responsibility Program (IFRP) to facilitate sentenced defendants' satisfaction of their court-ordered financial obligations. 28 C.F.R. § 545.10; BOP Program Statement P5380.08 (Aug. 15, 2005) ("BOP IFRP Statement"). The Program specifies that in the absence of an applicable court order, BOP staff should construct a payment schedule in accordance with the Defendant's ability to pay and provides a framework to guide the BOP's determination. Tenth Circuit precedent

requires the district court to set a payment schedule rather than delegating this task to the BOP. *Overholt*, 307 F.3d at 1256.

Although the framework set forth in the IFRP is not binding on the Court, it offers a useful indication of what constitutes a reasonable payment plan for an incarcerated individual. Pursuant to the IFRP, BOP staff reviews deposits to an inmate's trust account during the prior six months, deducts IFRP payments made for UNICOR or non-UNICOR work assignments, then deducts $75 per month for communication needs, and may require payment from any remaining balance toward restitution. 28 C.F.R. § 545.11(b). The IFRP establishes a minimum payment schedule of $25 per quarter for non-UNICOR or UNICOR Grade 5 inmates and 50 percent of monthly earnings for inmates assigned UNICOR Grades 1 through 4. *Id.* § 545.11(b)(1)–(2).

## DISCUSSION

Defendant states that the better part of his income in custody will come from prison employment, which pays on average between $0.12 and $1.15 an hour. Defendant also states that he has received and will continue to receive small deposits from his longtime girlfriend, who is low-income and supports her two children with a limited salary supplemented by public assistance. **[Docs. 98, 98-1].** Since Defendant's incarceration in 2024, Defendant's mother has contributed around $350 to his commissary account. **[Doc. 98-1].** The PSR provides that defendant shares a bank account with his long-term girlfriend Cassidy Wind with an unknown balance, co-owns a vehicle with a Kelley Blue Book value of $7,207, and carries approximately $2,000 in debt. **[PSR ¶ 83].**

Defendant asserts that any requirement to pay more than $50 annually toward restitution while incarcerated would impose an undue hardship on him and Ms. Wind. Defendant asserts that federal inmates must purchase "nearly all personal hygiene and daily-living items from the

commissary" and that retaining a small balance is "critical for hygiene, health, and maintaining family contact." **[Doc. 98 at 4].** In an affidavit accompanying the Motion, Ms. Wind asserts that Defendant requires funds to call her children, with whom Defendant has a close relationship. **[Doc. 98-1].**

The Government argues that Defendant's motion is premature and speculative given that Defendant has not yet been transferred to the BOP, where he will be able to earn wages from employment and participate in the IFRP. The Government also states that Defendant's financial circumstances will likely change over the course of Defendant's 200-month term of imprisonment. **[Doc. 100].** The Government notes that Defendant has not submitted a complete financial record, having failed to respond to the United States Probation Office's request to detail any subsidies he receives from the Department of Veteran's Affairs. The Government argues that Defendant is young and able-bodied and will be able to find work allowing him to pay $25 per quarter and meet his needs while incarcerated.

The record does not demonstrate that Defendant will be unable to comply with a payment schedule of more than $50 per year while incarcerated without depleting sufficient funds to purchase necessary items, including communication with his family. Defendant will be eligible for employment in BOP custody. At this stage, it is uncertain what jobs will be available to Defendant and what wages they will provide. Certainly, prison employment generally pays very little; in Defendant's estimation, wages average between $0.12 and $1.15 an hour. **[Doc. 98 at 1].** However, the IFRP's minimum payment schedule reflects inmates' limited earning potential: $25.00 per quarter (approximately $8.33 per month) or 50% of monthly wages dependent on the applicable pay grade. Absent a more complete record, it is not clear what pay grade Defendant will be assigned or how much he will earn per hour. It is also not apparent what balance is required

4

to afford necessary items in BOP facilities. But unless Defendant earns less than $8.33 per month, he will be able to satisfy the minimum payment schedule established by the IFRP with funds remaining in his account.[2] The record does not show that Defendant will be unable to contribute minimum payments toward restitution and meet his basic needs.

Defendant's Motion notes that Defendant's girlfriend, Ms. Wind, must support her two children and argues that assisting Defendant in meeting his financial obligations will put undue strain on her finances. But a payment schedule takes into account the *defendant's* obligations to dependents, not the potential financial strain on family members posed by contributing to the defendant's accounts while incarcerated. 18 U.S.C. § 3664(f)(2)(C). The record does not show that Defendant has an obligation to provide for Ms. Wind's children that will be hindered if he is required to pay more than $50 per year toward restitution.

In favor of instituting a $50 cap while incarcerated, counsel also argues that Defendant will make insubstantial progress toward satisfying the total restitution amount regardless of the payment schedule imposed. **[Doc. 98 at 2].** In other words, the rationale appears to be that it makes little practical difference if Defendant pays $50 per year rather than some greater amount. But, as stated, a Defendant's lack of financial resources does not alter the fact that restitution is mandatory for the offenses of conviction nor does it affect the requirement to satisfy it in a reasonably timely fashion. 18 U.S.C. §§ 2259(b)(2)(B), 3572(d)(2). As acknowledged in the plea agreement in this case, by statute, the defendant's payment of the "full amount of the victim's losses" is mandatory and must be no less than $3,000 per victim. *Id.* § 2259(b)(2)(A), (B); *see* Doc. 77. Where restitution is not made due immediately because the court determines the interest

---

[2] Should Defendant be required to pay $25.00 per quarter, his monthly payments will amount to $8.33 per month. If Defendant is required to pay 50% of his monthly income, he will obviously be able to retain 50% of his earnings.

of justice requires an alternate payment schedule, "the length of time over which scheduled payments will be made . . . shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. § 2259(d)(2).  A $50 cap would not comport with these statutory mandates.  The record does not demonstrate that Defendant should be relieved of his restitution obligation for the next 16 years because he will be in custody.

## CONCLUSION

Pursuant to 18 U.S.C. § 3664(f)(2) and § 3572, the Court imposes a monthly payment schedule of the greater of $25 per quarter or 50% of Defendant's monthly income while in BOP custody.  In accordance with statute, Defendant shall notify the Court of any material change in his financial circumstances.  18 U.S.C. § 3664(k); *id.* § 3572(d)(3).

Defendant's Motion to Limit Restitution Collection During Incarceration to $50 Per Year **[Doc. 98]** is hereby DENIED.

It is SO ORDERED.

　　　　　　　　　　　　　　　　　　　　 s/ William P. Johnson
　　　　　　　　　　　　　　　　　　　　WILLIAM P. JOHNSON
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE